LORETTA GARDNER, Plaintiff, *v.* CLARENCE N. GARDNER, Defendant.

(Supreme Court, Onondaga Special Term, January, 1917.)

Divorce — terms of decree of — when not lawful to remarry in this state — marriage — jurisdiction.

> Where by the terms of a decree of divorce as well as by statute it was not lawful for the defendant to remarry in this state during the lifetime of his former wife, but he does, said marriage is void and the court has inherent jurisdiction to declare its nullity.

ACTION to annul a marriage.

Barnum & Wells, for plaintiff.

Smith, Hayden & Setright, for defendant.

CROUCH, J.  Action to annul a marriage. Defendant, prior to the marriage, had been divorced by a former wife. By the terms of the divorce decree itself as well as by statute, it was not lawful for defendant to remarry in this state during the lifetime of his former wife. Nevertheless he did so.

These facts are alleged in the complaint and were proved on the trial.

The allegations of fraud in the complaint were not sustained by the evidence but I think the judgment herein may rest upon the other facts alleged and proved.

The marriage between the parties hereto was and is void. *Roth* v. *Roth,* 97 Misc. Rep. 136, with statutes and cases therein cited.

The serious question is that of jurisdiction. It is probable that the court on these facts has no statutory jurisdiction under sections 1742 and 1743 of the Code of Civil Procedure, though debate on that point is not precluded. *People* v. *Faber,* 92 N. Y. 146. At common law, where either of the parties to a marriage had not the legal capacity (for reasons other than canonical disabilities) to contract matrimony, the marriage was absolutely void, and the common-law courts had jurisdiction to declare its nullity. *Perry* v. *Perry,* 2 Paige, 504. See *Griffin* v. *Griffin,* 47 N. Y. 140. Under this principle, Mr. Justice Benedict, in *Roth* v. *Roth, supra,* was of the opinion that the court has inherent jurisdiction to declare the nullity of a marriage where it is absolutely void.

The good order and decorum of society, as well as the rights of persons and property involved, make it desirable for the court to assume jurisdiction and declare the nullity of such a marriage. Vital evidence may be lost with the lapse of time. In this aspect, the case is akin to those in which the *quia timet* jurisdiction of an equity court may be invoked.

Moreover, this court granted the divorce decree by the terms of which, pursuant to the statute, it was made unlawful for the defendant to remarry during the lifetime of his former wife. I think this court is not without inherent jurisdiction to declare the nullity of defendant's act contrary to and in defiance of that decree.

Judgment for plaintiff.