ALICE C. DICKINSON, Respondent, v. GEORGE E. DICKINSON, Appellant.

CORA S. DICKINSON et al., Appellants; FREDERIC H. COWDEN, as Receiver for the Benefit of ALICE C. DICKINSON, Respondent.

(Argued April 14, 1936; decided May 19, 1936.)

*Sydney A. Syme* for Cora S. Dickinson et al., appellants.

*Gerald FitzGerald* for George E. Dickinson, appellant.

*Alfred L. Becker* and *Frederic P. Warfield* for respondents.

LOUGHRAN, J.   In this controversy the real parties in interest are a twice divorced husband and his two former wives.   The substantial question is that of the disposition to be made of property sequestrated by both wives for the satisfaction of their respective claims for unpaid permanent alimony.   It will be convenient to state the case without emphasis on the mere procedure involved.

The first marriage was dissolved in 1911, the second in 1924.   Both judgments of divorce were granted in this State.   Permanent alimony awarded to either wife was paid until April, 1932.   Since that time the husband while residing abroad has been in default under both judgments. The second wife promptly procured an order directing sequestration of his property in this State and appointing a receiver thereof.   A similar order was obtained by the first wife in July, 1934.

In February, 1932, the husband had made himself insolvent by transfers of his property to two sons by his first marriage.   These conveyances were set aside as against the second wife and the property awarded to her receiver by judgments entered in April, 1935, in actions to which the first wife was not a party.   Then the receiver appointed for the first wife served notice that in her behalf he asserted a superior right to the property.   The result was a motion in the second divorce action for an order declaring the respective interests of all parties in the subject-matter of the sequestration proceedings.   After all had been heard on the merits, it was ordered that the

claim of the first wife was "subject and subordinate" to that of the second wife and her receiver, because they "have acquired the right to the property obtained as a result of * * * prompt and diligent prosecution of their legal remedies." That order and a subsequent order made in the first divorce action to substantially the same effect are the orders here reviewed.

The jurisdiction invoked was that conferred by Civil Practice Act, section 1171-a. Thereby the court was authorized to make the orders of sequestration and receivership. Since in both instances the husband had notice and an opportunity to be heard, there was no jurisdictional difficulty in his case. (Cf. *Matthews* v. *Matthews*, 240 N. Y. 28.) On the last motion both wives were before the court and the main question was presented by the conflict of their respective claims to support from property under its control. That issue was composed on the short ground that the self-interest which had been exhibited by the second wife should be rewarded by granting priority to her full claim. In this, we think, there was failure to give appropriate effect to the scope and end of section 1171-a.

It is thereby provided: "The property thus sequestrated and the income therefrom may be applied in whole or in part and from time to time, under the direction of the court and as justice may require, to the payment of such sum or sums as the court may deem it proper to award, by order or judgment as the case may be." Control defined in that way is obviously quite different from ordinary sequestration process as devised by courts of equity. Indeed it is hard to conceive of words whereby the Legislature could have left the matter more at large in judicial discretion. We think the purpose so declared should not here have been reduced to a conventional administrative rule based solely on the virtue of diligence.

It is not disputed that, other things remaining the same, the right of the first wife was the better as being prior

in point of time. Counsel for the second wife in his brief says: "All other equities being equal, let us assume that the wives should take in the order of their marriages." The rule so conceded has been often stated. " For example, when we say that A has a better equity than B, what is meant by that? It means only that according to those principles of right and justice which a court of equity recognizes and acts upon, it will prefer A to B, and will interfere to enforce the rights of A as against B." (*Rice* v. *Rice*, 2 Drew. 73, quoted in 1 Pomeroy on Equity Jurisprudence [4th ed.], p. 777. See *Berry* v. *Mutual Ins. Co.*, 2 Johns. Ch. 603.). What, then, is the case on that basis?

Doubtless the first wife stood by for three years in the confidence that she would fare well enough should the property in question be retained in the ownership of her children. During that period, however, the second wife received alimony of $23,438.72 out of a trust that had been set up by the husband to secure its payment. In the same period there became due to the first wife alimony at the rate of $150 per month, no part of which has been paid. There was no inequitable result of the inactivity of the first wife.

The second marriage was contracted in New Jersey in disregard of the prohibition of the first judgment of divorce. In New York that judgment meant that the husband had once a wife whose continuing right to permanent alimony was of the same character as the right of support which she had lost by the dissolution of her marriage. (See *People* v. *Faber*, 92 N. Y. 146; *Wilson* v. *Hinman*, 182 N. Y. 408.)

The equities appear to us to be on the side of the first wife.

We have considered the other questions argued. In our opinion these were properly decided.

The order of the Appellate Division and the orders of the Special Term should be reversed, without costs,

and the matter remitted to the Special Term for further proceedings in accordance with this opinion. The questions certified are answered in the negative — the first three questions for the reason that the order of June 3, 1932 (the sequestration order granted to the second wife), may stand consistently with an adjudication of the claim of the first wife conformably to the statute.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Ordered accordingly.