In the Matter of the Estate of FRANK VAN VALKENBURG, Deceased.

Surrogate's Court, Ulster County, May 3, 1945.

*Walter J. Miller* for James Van Valkenburg.

*William E. Riseley* and *Augustus Shufeldt* for Blanche B. Van Valkenburg.

STERLEY, S. This is a proceeding for an application for letters of administration in the estate of Frank Van Valkenburg. James Van Valkenburg, a brother of the deceased, filed a petition with this court for his appointment as administrator alleging that he is the brother of the deceased. Blanche Bolton Van Valkenburg filed her petition in the above estate asking for letters of administration to be issued to her alleging that she is the widow of the deceased.

The facts show that the decedent was the defendant in a divorce action instituted in the Supreme Court of the State of New York and in which a decree containing a prohibition against remarriage was entered against the decedent on the 13th day of November, 1928. It is further shown that no modification of the decree of divorce was made so as to permit the remarriage by the deceased herein.

On January 1, 1935, the decedent and the petitioner Blanche Bolton Van Valkenburg were the parties to a ceremonial marriage performed at Harrison, Westchester County, New York, and attended by two witnesses. In this proceeding for letters of administration is directly involved the issue whether the petitioner, the decedent's alleged widow Blanche Bolton Van Valkenburg, for letters of administration, was the legally constituted wife of the decedent.

The facts further show that since the ceremonial marriage of January 1, 1935, to the date of the decedent's death, October 27, 1944, the decedent and the petitioner Blanche Bolton Van Valkenburg lived together continuously as man and wife in the county of Ulster and State of New York and held themselves out to their friends as such.

The facts further show in this case that they were introduced as man and wife and that their conduct at all times appeared to indicate a marital status between the two.

A common-law marriage is valid whenever a man and woman able and willing to contract do *per verba de præsenti* promise to become husband and wife, and when a contract is proved and the parties thereafter live together ostensibly as man and wife, demeaning themselves toward each other as such and treated by their friends and relatives as having been and being entitled to that status, there is a presumption that they are legally married, and the law favors morality and decency. (*Matter of Erlanger*, 145 Misc. 1.)

Testimony of witnesses from all contacts with decedent from January 1, 1935, the date of the ceremonial marriage, to the date of decedent's death, October 27, 1944, and from every sphere in which his life was passed establishes that during that period decedent and the petitioner Blanche Bolton Van Valkenburg bore the reputation of being man and wife and held themselves out as such, in their home and wherever they moved and that while their relations were unlawful because of a divorce decree which prohibited the decedent from marrying in this State in the lifetime of his first wife, they were matrimonial. (*Matter of Erlanger*, 145 Misc. 1, *supra*.)

Under the facts in this case public policy and sound morals justify the position that a common-law marriage took place.

Common-law marriages are not required to be proved in any particular way. It is sufficient if the evidence establishes that legally competent parties *in præsenti* intended to become husband and wife and thereafter lived and cohabited as such. (*Matter of Haffner*, 254 N. Y. 238.)

The testimony shows further the decedent and Blanche Bolton Van Valkenburg in the month of November, 1935, took a trip to New Hampshire to visit the brother of the petitioner Blanche Bolton Van Valkenburg and that the deceased Frank Van Valkenburg was introduced as the husband of Blanche Bolton Van Valkenburg. The testimony also shows that on or about the early part of 1941 the deceased and the petitioner Blanche Bolton Van Valkenburg took a trip to Florida and stayed overnight in the States of Maryland, North Carolina and Georgia and that during this trip they held themselves out and conducted themselves as man and wife. They lived in Florida as man and wife for a period and as established by the testimony were recognized by their relatives and friends as such.

It would place no strain on the imagination to suppose that they may have gone to the State of Florida to consummate the marriage between them. If they did it was perfectly competent for them on such occasion to have consummated that marriage inhibited only by the local law or rule of New York State. In the absence of some demonstration indicating the abrogation of the common-law rule of the validity of a marriage by mutual consent, it must be presumed that no ceremony would be required for that purpose, since the common law will be presumed to prevail in another State in the absence of a contrary showing (citing *Matter of Sokoloff*, 166 Misc. 403). Further (citing *Matter of Sokoloff, supra*) those who assume the fact of illegitimacy have cast upon them the onus of establishing it. In the absence of a demonstration to the contrary, it must be inferred, in support of presumptions of legitimacy and of the validity of this marriage that at some time during the period between the date of the ceremonial marriage of January 1, 1935, and the date of decedent's death October 27, 1944, the decedent and Blanche Bolton Van Valkenburg, the petitioner, in one of their demonstrated trips to New Hampshire or Florida, where, the impediment of their marriage no longer being operative, their continuing intention and desire to be and continue lawfully wedded might be, and was, effectuated.

For the reasons hereto elaborated the court determines that Blanche Bolton Van Valkenburg was the lawful widow of Frank Van Valkenburg deceased and as such has the prior right to letters of administration upon the estate of the decedent Frank Van Valkenburg.

Therefore, a decree may be entered in conformity herewith.