MARY B. BEAUDOIN, Appellant, *v.* ARTHUR J. BEAUDOIN, Respondent.

Third Department, May 8, 1946.

*David Rosenfeld,* attorney for appellant.

*Mackrell &. Ranney,* attorneys (*John J. Mackrell* of counsel), for respondent.

FOSTER, J. Plaintiff has sued for a divorce. Her complaint alleges in substance that she and the defendant were married in the State of Massachusetts on September 29, 1923; that a child was born of this marriage on December 15, 1924; that the marriage has never been dissolved, and that on July 29, 1942, the defendant married the corespondent and has since lived with her in this State in open adultery.

Defendant admits that he and the plaintiff entered into a marital ceremony in Massachusetts on September 29, 1923, but alleges as a defense that this marriage was null and void. The basis for his allegation of nullity is that on April 26, 1923, a judgment of divorce obtained in this State by a former wife was entered against him, and that judgment contained a prohibition against his remarriage during the lifetime of his former spouse without the court's consent (Domestic Relations Law, § 8). This decree was in effect at the time of his marriage to the plaintiff in Massachusetts, and at the same time there existed in that Commonwealth the following statute: "11. CERTAIN MARRIAGES CONTRARY TO THE LAWS OF OTHER STATES FORBIDDEN. No marriage shall be contracted in this commonwealth by a party residing and intending to continue to reside in another jurisdiction if such marriage would be void if contracted in such other jurisdiction, and every marriage contracted in this commonwealth in violation hereof shall be null and void." (General Laws of Massachusetts, ch. 207, § 11.)

Plaintiff moved to strike from defendant's answer all matters relative to the foregoing defense on the ground that they were frivolous and insufficient as a matter of law, and also on the ground that such a defense was barred by the Statute of Limitations. Her motion was denied insofar as the essence of the alleged defense is concerned, and from the order of denial she has appealed.

If this was a private suit, with which the public had no concern, we should say at once that the defendant was estopped, or barred for reasons akin to an estoppel. The most elementary consideration of justice would lead us to that conclusion. But public policy does not permit the validity of a marriage to depend upon the doctrine of estoppel. If, as the answer alleges, the marriage between these parties was void in its inception the conduct of the parties cannot change its character.

This is not the case of one seeking to repudiate a foreign judgment which he himself obtained (*Krause* v. *Krause,* 282 N. Y. 355). Nor is it a private suit involving property rights predicated upon an alleged marital status. In cases of the latter character a rule of quasi-estoppel or equitable preclusion has frequently been applied (*Starbuck* v. *Starbuck,* 173 N. Y. 503; *Bell* v. *Little,* 204 App. Div. 235, affd. 237 N. Y. 519; *Brown* v. *Brown,* 242 App. Div. 33, affd. 266 N. Y. 532; *Hynes* v. *Title Guaranty & Trust Co.,* 273 N. Y. 612). Here, however, the marital status is primarily involved and directly attacked, and since this is the character of the action the real relationship of the parties must be disclosed in accordance with the public policy of the State, no matter where hardship may fall. To hold otherwise would be to say that parties may by their conduct or agreement effect a marital status repugnant to the public policy of the State.

True it is that the prohibitory clause against remarriage in a divorce decree is regarded as penal in character, and ineffective beyond the boundaries of the State. If the guilty party remarries in a foreign jurisdiction despite such decree, and the marriage is valid there, it will be accepted here upon the ground that the validity of a marriage contract is to be determined by the law of the State where it is entered into (*Thorp* v. *Thorp,* 90 N. Y. 602; *Moore* v. *Hegeman,* 92 N. Y. 521; *Fisher* v. *Fisher,* 250 N. Y. 313). This doctrine, however, is of no avail to the plaintiff because the facts as pleaded do not come within it. According to the law of Massachusetts the marriage contracted there between her and the defendant was void if it would have been void in this State. Clearly such a marriage would have been void here (Domestic Relations Law, §§ 6, 8; *Cropsey* v. *Ogden,* 11 N. Y. 228; *People* v. *Faber,* 92 N. Y. 146; *Moore* v. *Hegeman, supra*). A void marriage is void without the necessity for a decree from any court (*McCullen* v. *McCullen,* 162 App. Div. 599; *Stein* v. *Dunne,* 119 App. Div. 1, affd. 190 N. Y. 524). Since such a marriage never had a valid inception, and no decree is required to stamp it as void, there is nothing against which the Statute of Limitations may run. It would be different of course if the marriage was merely voidable. And in that case we would also be at liberty, in some degree at least, to apply principles of estoppel which we cannot do here.

The order should be affirmed, without costs.

All concur.

Order affirmed, without costs.