WALTER L. CANWRIGHT, Appellant, *v.* GUSSIE E. CANWRIGHT, Respondent.

Third Department, January 14, 1948.

*Poersch & Sevits,* attorneys (*Travis & Cohn* of counsel), for appellant.

*Harry G. Coplon* for respondent.

HEFFERNAN, J.   On September 16, 1932, plaintiff's former wife, Gladys E. Canwright, in an action pending in the Supreme Court, Delaware County, New York, obtained an interlocutory decree of divorce against him, which became final on December 16, 1932.   The decree of divorce prohibited plaintiff from remarrying.   The defendant in this action was the corespondent in the divorce action.

On August 24, 1935, plaintiff and defendant in this suit, who were then and have since continued to be residents of this State, went through a form of marriage in the State of Massa-

chusetts, at which time plaintiff's former wife was and is now living.

In January, 1942, plaintiff instituted an action in the Supreme Court, Schenectady County, against defendant for an absolute divorce on the ground of adultery. Defendant interposed an answer denying misconduct on her part and alleging a counterclaim in which she charged plaintiff with infidelity and prayed for a dissolution of the marriage because of his adultery. Plaintiff filed a reply to the counterclaim.

Thereafter, and on December 14, 1946, plaintiff applied to the court at Special Term, presided over by Mr. Justice ALEXANDER, for permission to discontinue his action and to dismiss the counterclaim contained in defendant's answer on the ground that no valid marriage existed between the parties.

The Special Term granted plaintiff's application for a discontinuance of the action upon the payment of taxable costs, but denied, without prejudice, the motion to dismiss the counterclaim.

Thereafter plaintiff applied to the court at a Special Term at which Mr. Justice IMRIE presided for permission to serve an amended reply and this application was denied without prejudice to its renewal before Mr. Justice ALEXANDER.

On April 7, 1947, plaintiff applied to the court at Special Term at which Mr. Justice BERGAN presided for permission to serve an amended reply to the counterclaim in defendant's answer, to dismiss the counterclaim and for summary judgment on the counterclaim pursuant to rule 113 of the Rules of Civil Practice. The application, insofar as it sought to amend the reply and to dismiss the counterclaim, was denied without prejudice. The application for summary judgment was " denied on the merits as a matter of discretion ".

Pursuant to an order granted on September 13, 1947, by Mr. Justice ALEXANDER, plaintiff was granted permission to serve an amended reply to defendant's counterclaim. Such a reply has been filed and served, the material allegation of which is that the marriage between the parties which took place in the State of Massachusetts is null and void.

On this appeal the facts are not in dispute and the only question is the propriety of the order denying plaintiff's motion for summary judgment.

It seems to us that plaintiff has established by documentary evidence and official records not controverted by defendant that he is entitled as a matter of right to the relief which he seeks.

The decree of divorce in favor of plaintiff's former wife,

which prohibited his remarriage during her lifetime without the court's consent (Domestic Relations Law, § 8) was in effect at the time of his marriage to defendant in the State of Massachusetts. That marriage was and is therefore void. (General Laws of Massachusetts, ch. 207, § 11; *Beaudoin* v. *Beaudoin*, 270 App. Div. 631.)

There is no triable issue in this case and the exercise of a sound judicial discretion requires us to grant the motion for summary judgment.

The order appealed from should be reversed on the law and facts and plaintiff's motion for summary judgment declaring the marriage between these parties null and void is granted, without costs, on condition, however, that plaintiff shall pay to defendant any unpaid costs awarded against him, and also any unpaid alimony up to and including September 10, 1947.

Hill, P. J., Brewster, Foster and Deyo, JJ., concur.

Order reversed, on the law and facts, and plaintiff's motion for summary judgment, declaring the marriage between the parties null and void, granted, without costs, on condition that plaintiff shall pay to defendant any unpaid costs awarded against him and also any unpaid alimony up to and including September 10, 1947.