In the Matter of the Accounting of John C. Glenn, Public Administrator of Queens County, as Administrator of the Estate of Robert P. Cooke, Deceased.

Surrogate's Court, Queens County, April 5, 1949.

*John E. Quis,* special guardian for unknown devisees and legatees.

*L. Eugene Decker,* special guardian for Natalie Cooke, an infant, and another.

*George W. Herz* for administrator, petitioner.

SAVARESE, S.   At the hearing in proof of kinship in this contested accounting proceeding, one Julia Cooke attempted to establish her status as the lawful widow of the decedent.   It appears that decedent was lawfully married to another woman about 1904.   His then wife procured a judgment of divorce against him by default in the Supreme Court of New York County on May 5, 1915.   The decree prohibited the decedent from remarrying during the lifetime of the plaintiff.   The plaintiff therein is still living.   It was not shown that decedent ever secured court permission to remarry.   No issue was born of the marriage thus terminated by divorce.   Some time prior to 1915 decedent and Julia Cooke began to live together openly as husband and wife, and they continued to live in such manner until his death on February 6, 1945.   Three children were born of that relationship, two of whom survive.

Prior to May 5, 1915, decedent was not free to marry the present claimant.   Thereafter he could not become her lawful husband within the State of New York without court permission. (Domestic Relations Law, § 8.)   When this became apparent at the hearing, an attempt was made to establish a common-law marriage without the State of New York.   The prohibition on remarriage contained in the Domestic Relations Law has no extraterritorial effect, and a marriage in violation thereof recognized as valid where contracted is accorded full recognition in our courts.   (*Fisher* v. *Fisher,* 250 N. Y. 313; *Shea* v. *Shea,* 294 N. Y. 909, revg. 268 App. Div. 677, on the dissenting opinion of JOHNSTON, J., p. 681.)    It was asserted that a common-law marriage was entered into in Connecticut or New Jersey.   But Connecticut has never sanctioned such marriages.   (*State ex rel. Felson* v. *Allen,* 129 Conn. 427; Conn. Gen. Stat., 1930, § 5153.) No proof was adduced to show whether New Jersey would recog-

nize as valid a common-law relationship entered into there in violation of a New York divorce decree. Massachusetts, for example, does not. (*Beaudoin* v. *Beaudoin,* 270 App. Div. 631; *Canwright* v. *Canwright,* 273 App. Div. 184.) Assuming, however, that New Jersey would recognize such a marriage if contracted within its borders prior to December 1, 1939 (see N. J. Stat. Ann. 37; 1–10; *Franzen* v. *Equitable Life Assur. Soc.,* 130 N. J. L. 457; Restatement, Conflict of Laws, § 130), the evidence in this case is not sufficient to establish it. The alleged widow may not testify to the facts essential to prove a common-law marriage. (Civ. Prac. Act, § 347; *Matter of Murtha,* 232 App. Div. 285, revd. on other grounds 259 N. Y. 456; *Matter of Erlanger,* 145 Misc. 1, 11.) Her testimony, meagre as it is, may not be considered on this issue. Her sister, however, is not barred by section 347. (*Shea* v. *Shea, supra.*) The sister testified merely that the couple went off on tours to Connecticut and New Jersey " many times ". It was not shown that she had any personal knowledge of such trips or the conduct of the parties thereon. She did not fix the times and places of such excursions at all. " A common-law marriage is not required to be proven in any particlar way. It is sufficient if the evidence establishes that legally competent parties *in praesenti* intended to become husband and wife and thereafter lived and cohabited as husband and wife." (*Matter of Haffner,* 254 N. Y. 238, 242.) " Cohabitation, repute, holding out and the like are bits of evidence more or less cogent in showing that such agreement was made, and sometimes they are the only available evidence of such agreement, but they do not constitute a marriage and are not a substitute for or the equivalent of the actual agreement." (*Taegen v. Taegen,* 61 N. Y. S. 2d 869, 873.) The sister's testimony is inadequate to prove that a common-law marriage took place in New Jersey. (*Matter of Miller,* N. Y. L. J., Feb. 27, 1948, p. 743, col. 3, DELEHANTY, S.; *Taegen* v. *Taegen, supra;* " *Castellani* " v. " *Castellani* ", 28 N. Y. S. 2d 879, affd. *sub nom. Capaldo* v. *Capaldo,* 263 App. Div. 984, motion for leave to appeal denied 264 App. Div. 755.)

It is argued that the presumption in favor of the legitimacy of children should produce a finding of a valid marriage of the parents. *Matter of Sokoloff* (166 Misc. 403) is cited as standing for that proposition. It is true that courts are most indulgent in validating the relationship of the parents in cases such as this. But the mere statement of a witness that a couple went on a trip to a State where common-law marriages are permitted

does not prove that such a marriage took place there. The burden of establishing the marriage by competent evidence rests upon the alleged widow, and the fact that there are issue of the relationship does not shift the burden to the other side to disprove the marriage. That would be an almost insurmountable task, as the parties with the least knowledge of the facts would be compelled to trace the peregrinations of the couple during the entire time of their relationship and affirmatively demonstrate that no marriage, ceremonial or common law, had taken place. This court cannot agree with the opinion in the *Sokoloff* case (*supra*, p. 406), where the learned Surrogate stated: " It would place no strain on the imagination to suppose that they may have gone to New Jersey or Connecticut or some other state. In any event, there is no indication in the record that they did not." The court's imagination cannot be substituted for proof. Moreover, there was no proof of a ceremonial marriage at any time in this case, whereas in the *Sokoloff* case and in *Matter of Van Valkenburg* (184 Misc. 949) and *Matter of McNell* (187 Misc. 899) marriage ceremonies were performed. In the *Shea, Van Valkenburg,* and *McNell* cases (*supra*), moreover, there was abundant proof of cohabitation and repute in common-law jurisdictions. Here the proof is insufficient on that score.

The court finds upon all the evidence that the claimant is not the lawful widow of the decedent. The other alleged distributees not having offered proof of their status, the distributable balance herein will be deposited with the city treasurer. Account settled. Submit decree on notice.