Charles A. Loreto, J.
A decree of divorce in favor of the wife was entered in this court on May 17, 1965.
The husband now on his ex parte application seeks to modify that decree so as to delete its provisions prohibiting his remarriage prior to the elapse of three years after its entry and filing.
The statute under which the decree was granted required three years to elapse before such an application could be granted. The new matrimonial statute — effective September 1, 1967— *301 does not require any waiting period of time after entry of divorce decree-before remarriage. Query — should it be made applicable in this respect to an antedated decree! The new statute is silent on the point.
Therefore, inquiry should be made of the purpose of the provision of the former section 8 of the Domestic Relations Law deferring remarriage. That provision has been declared to be penal in nature. Nonetheless, the spouse subject to its prohibition, with impunity could go to a foreign jurisdiction — as countless have in the past — and there remarry. Absent a statute in that foreign jurisdiction to the contrary, the remarriage would not be void either there or in New York (Beaudoin v. Beaudoin, 270 App. Div. 631). In other words if the remarriage would be valid there, it would be valid here (Fisher v. Fisher, 250 N. Y. 313).
The divorce was final under the old statute. The bonds of matrimony had been thereby completely severed. What remained was the escapable bar to immediate remarriage.
In view of the change of the public policy of New York in its liberalization of the grounds for granting a divorce and the omission in the new statute of any provision delaying the remarriage of the offending party, it would be unrealistic to project beyond the effective date of the new statute the punitive feature of the old law.
The committee report as its comment regarding the omission of the prohibiting provision states: ‘ ‘ Aside from its punitive aspects, the provision was really never more than a snare for the ignorant since anyone who married outside the State of New York in a sister state could not be reached by its provisions. ’ ’
There would exist an inconsistency in logic and incongruity in public policy to insist that a party in petitioner’s status must await the expiration of three years after the date of entry of the decree of his divorce before he may enter into a valid marriage in this State.
The application is granted.