(80 Misc. Rep. 303.)

## GOODWIN v. GOODWIN.

(Supreme Court, Special Term, Rockland County. March, 1913.)

1. EVIDENCE (§ 80*)—LAW OF FOREIGN STATE—PRESUMPTIONS.
   In an action to annul a marriage solemnized in a foreign state, where there is no evidence that at the time of the marriage the laws of that state declared it void, it cannot be presumed that they did so.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80.*]

2. DIVORCE (§ 320*)—VALIDITY—FOREIGN LAWS.
   Where a marriage was solemnized in Illinois within less than a year after defendant was divorced in Colorado, the Colorado statute providing, during the period of one year from the granting of the decree, neither party shall be permitted to be married, did not invalidate the marriage; it appearing from the statute that the decree in question was a final decree, and it not being shown that it was ever set aside.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 818, 819, 844; Dec. Dig. § 320;* Marriage, Cent. Dig. § 29.]

Action for the annulment of the marriage of Henry T. Goodwin against Olive A. Goodwin. Complaint dismissed.

Greenthal & Greenthal, of New York City, for plaintiff.

Theodore M. Hill, of New York City, for defendant.

TOMPKINS, J. This is an action for the annulment of the marriage between the plaintiff and the defendant. Prior to her marriage to the plaintiff, the defendant was the wife of one Benjamin H. Lewis, of Denver, Colo. Lewis secured a divorce from the defendant, and the decree of divorce was entered on February 20, 1894, in the county court of Arapahoe county, at Denver, Colo. The marriage between the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff and the defendant, which is sought to be dissolved by this action, was performed on March 22, 1894, at Chicago, Ill.

The ground upon which the annulment of the marriage is sought is that the defendant was, at the time of the marriage, unable to enter into a valid marriage contract with the plaintiff, because the statutes of Colorado provided:

"In case no appeal or writ of error shall be taken from a decree of the court granting a divorce, the court shall have power to set aside such decree and reopen such case at any time within one year of the date of entering such decree, upon application of the defeated party under oath showing good reasons therefor, but if no such application be made within such time, or same be denied, then such decree shall never be opened for any cause; and during said period of one year from the granting of a decree of divorce neither party thereto shall be permitted to remarry to any other person."

[1] No evidence has been introduced to show that the laws of Illinois in force at the time of the defendant's marriage to the plaintiff declared such a marriage void, and this court may not presume that they did. Hynes v. McDermott, 82 N. Y. 41, 37 Am. Rep. 538; Bath Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390, 36 L. R. A. 664.

[2] It is the general rule in this country that the contract of marriage is sui generis, and that laws prohibiting marriage have no extraterritorial force and effect. The question of the extraterritorial force of statutes similar to the Colorado statute has been passed upon by the courts of several of the other states, and it is generally held that a marriage in a state other than that in which the decree is entered is valid, despite the prohibition. State of Washington v. Fenn, 47 Wash. 561, 92 Pac. 417, 17 L. R. A. (N. S.) 800; Dudley v. Dudley, 151 Iowa, 142, 130 N. W. 785, 32 L. R. A. (N. S.) 1170.

The plaintiff urges that the decree was in effect an interlocutory decree, and that this court should hold that the marriage of the defendant to the plaintiff is governed by the same rule as that governing the marriage of the successful party to a divorce action brought under the law of this state, between the entry of the interlocutory decree and the final decree. This contention cannot be sustained, because the decree was a final decree. The law of Colorado did not require the entry of a second decree to perfect the divorce. Had the Legislature of Colorado wished to have the decree under its law to be only an interlocutory decree, it could very easily have so provided.

There is no evidence that the Colorado decree has ever been reversed, set aside, or reopened, and this court must hold that the marriage between the plaintiff and the defendant in Illinois nearly 20 years ago was and is a valid marriage. Matter of McKinley, 66 Misc. Rep. 126, 122 N. Y. Supp. 807.

The complaint should be dismissed, with costs.