### GOODWIN v. GOODWIN.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. DIVORCE (§ 320*)—OPERATION AND EFFECT—RIGHT TO MARRY.

A marriage in Illinois between two persons, one of whom had been divorced in Colorado within one year prior to the marriage, was valid notwithstanding Laws Colo. 1893, p. 240, § 10, providing that the court shall have power to set aside a divorce decree and reopen the case at any time within one year, but that if no application to reopen the case is made within that time the decree shall never be opened for any cause, and that during such period of one year neither party to the decree shall be permitted to remarry, since the decree, although defeasible, was neither intermediate nor interlocutory but dissolved the marriage and was entitled to full faith and credit, and the statutory prohibition against remarriage, not inhering in the judgment, but being a legislative prohibi-

---

tion fixing the status of divorced persons, was ineffective outside that state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 818, 819, 844; Dec. Dig. § 320.*]

2. DIVORCE (§ 172*)—JUDGMENT—CONCLUSIVENESS.

Where, in a wife's action for a separation, the husband counterclaimed for a separation which was granted on a finding that the marriage was valid, such finding and judgment were conclusive in a subsequent action by the husband to annul the marriage for invalidity.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 559–561; Dec. Dig. § 172.*]

Appeal from Special Term, Rockland County.

Action by Henry T. Goodwin against Olive A. Goodwin. From a judgment dismissing the complaint (80 Misc. Rep. 303, 141 N. Y. Supp. 175), plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

William M. Mullen, of New York City (William Greenthal, of New York City, on the brief), for appellant.

Theodore M. Hill, of New York City, for respondent.

THOMAS, J. The parties were married in the state of Illinois within one year after the entry of a judgment in the state of Colorado divorcing the defendant from a former husband. Later, in an action in the state of New York wherein each of the present parties sought a separation, it was found that they had intermarried in Illinois and that the man was the woman's lawful husband and entitled to a judgment for separation.

[1] The defendant, in this action to annul the second marriage by reason of the fact that it was made within a year of the entry of the judgment in Colorado, asserts that notwithstanding the statute in that state she was entitled to marry when and where she did, and that the fact and legality of the marriage were adjudicated in the action for separation. The statute of the state of Colorado is:

"In case no appeal or writ of error shall be taken from a decree of the court granting a divorce, the court shall have power to set aside such decree and reopen such case at any time within one year from the date of entering such decree, upon application of the defeated party under oath showing good reason therefor; but if no such application be made within such time, or the same be denied, then such decree shall never be opened for any cause; and during said period of one year from the granting of a decree of divorce neither party thereto shall be permitted to remarry to any other person." Sessions Laws of Colorado, 1893, c. 80, § 10.

The decree when entered was for an absolute divorce. The statute enabled the court to reopen it and set it aside within a year of its entry for good reason shown, and pending the possible exercise of that authority the marriage of either party to any other person was inhibited. But it is only a decree closed that may be reopened. If that be not done, the decree with nothing added forever continues by virtue of its own proper initial vigor. When rendered it had all the elements of finality. But the court within a year for good reasons could set it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

aside as a judgment usually may be set aside for some reasons. This made it defeasible, not by its terms, but by the power of the court over it. Hence, while that possibility of reopening it remained, the parties were forbidden to marry. This was presumably to give them opportunity for reflection that might lead to their marriage to each other as well as to save the complications that would arise if the decree were reopened.

But the prohibition did not render the judgment intermediate or interlocutory, nor did it impair its integrity. Essentially it undid the marriage, and those who were united in it were disunited. Had the man died during the year, the woman would not have been entitled to dower in his lands, nor could she as his widow have shared in his estate. If he lived, she could not for the time have demanded support from him or bound him for necessities. In fact, all the relations arising from the marriage became as if it had not been, and it was not different when the year expired. The decree, untouched, unaided, went on as before. Its only infirmity was the bare possibility that the court might, if application were made, open it. But a legal status that is determinable upon a mere possibility is none the less a fact and in all things effective while it lasts, which may be forever. The state of Colorado could for a year, or indefinitely, prohibit the remarriage of those it had divorced, and could affix a penalty to disobedience, which it could enforce. In Wisconsin, the statute declared such a remarriage within a year null and void, and when one of the parties to evade the law went into another state and married a third person, and returning invoked the aid of the laws of Wisconsin, the court of that state declared that the marriage was null and void. Lanham v. Lanham, 136 Wis. 360, 117 N. W. 787, 17 L. R. A. (N. S.) 804, 128 Am. St. Rep. 1085. But this resulted, not from the interlocutory character of the decree or the incompleteness of the divorce, but from the legislative command that divorced parties should not remarry within a year. The court passed, not upon the effect of the judgment, but upon the effect of the statute. But the judgment in Colorado was integral. It did not await further consideration, and the courts of a foreign state are bound to give full faith and credit to the judgment so far as the court had jurisdiction, but not to a statute prohibiting remarriage. The statute of Colorado, unlike that of Wisconsin, does not declare a remarriage null and void, yet assume that it declared that one or both parties should never remarry. The case would be the same save in the duration of the prohibition. Then the court would dissolve the marriage and the state would inflexibly fix the status of the prohibited party or parties.

What would the courts of this state do if decision were required? They would abide the judgment and disregard the legislative mandate. Van Voorhis v. Brintnall, 86 N. Y. 18, 40 Am. Rep. 505; Thorp v. Thorp, 90 N. Y. 602, 606, 43 Am. Rep. 189. In State of Washington v. Fenn, 47 Wash. 561, 92 Pac. 417, 17 L. R. A. (N. S.) 800, a statute quite similar to that in Wisconsin was considered, and it was decided that when the parties married in a foreign country, where they were domiciled, the marriage was valid, although one of the parties was forbidden to marry by the laws of the state of Washington. The de-

cision in the case in Wisconsin, unlike the one cited, related to residents of that state, and the element of evasion of the law was also involved. But in other jurisdictions the marriage has been considered valid, although the facts and statute were similar to those in Lanham v. Lanham. Dudley v. Dudley, 151 Iowa, 142, 130 N. W. 785, 32 L. R. A. (N. S.) 1170; State v. Hand, 87 Neb. 189, 126 N. W. 1002, 28 L. R. A. (N. S.) 753. It should be observed that in the case last cited a statute made marriages valid in the state if valid at the place where contracted, but the reasoning of the opinion was largely independent of the statute. In State v. Yoder, 113 Minn. 503, 130 N. W. 10, the marriage of two persons, one of whom was prohibited, was considered voidable. In Szlauzis v. Szlauzis, 255 Ill. 314, 99 N. E. 640, it appeared that the statute of Illinois prohibited the party obtaining a divorce from marrying again within one year, and provided that such remarriage should be held absolutely void and the offender imprisoned for a felony. The marriage of a party to the divorce within the time limited was annulled at the instance of the other party to the marriage. But no penalty attached to remarriage under the Colorado statute. As its prohibition did not inhere in the judgment but was a legislative prohibition fixing the status of divorced persons, it is ineffective in this state.

[2] In a former suit the plaintiff in a court of this state affirmed the validity of the marriage, which he would now have declared void, and based thereon a demand for separation. The fact was found for him, and the legality of the marriage declared. That finding and judgment remain and establish the marriage. I understand that he now urges that the court was without jurisdiction to make the finding, although it was necessary to make it in order to sustain his counterclaim. See Rudd v. Cornell, 171 N. Y. 115, 127, 131, 63 N. E. 823; Earle v. Earle, 173 N. Y. 490, 66 N. E. 398. I do not conceive wherein jurisdiction was wanting, and how the adjudication of a competent court becomes nugatory because the suitor was ignorant that the fact which he asked to be found was not a fact. It suited him then to affirm the fact. The finding settled it beyond his disaffirmance.

The judgment should be affirmed, with costs. All concur.