PETER N. SPYROS, Plaintiff, *v.* JEANNETTE SPYROS, Defendant.

Supreme Court, Onondaga County, January, 1932.

*Arthur C. Flanagan,* for the plaintiff.

*Robert J. Cooney,* for the defendant.

WILLIAM M. Ross, Official Referee.   On July 6, 1929, the parties to this action were married in Scranton, Pa.   The plaintiff prior to July 6, 1929, had a wife, who on July 3, 1929, obtained an interlocutory decree of divorce in this State, which decree became final three months from July 3, 1929.   At the time of the marriage of the parties herein, namely, July 6, 1929, the defendant Jeannette Spyros had a husband living in the State of South Dakota, one Vincent G. Chaphe.   It is claimed by the defendant that she acted in good faith in her marriage with the plaintiff, supposing that her former husband had obtained a divorce.   So that on July 6, 1929, each of the parties to this action had a living spouse.   The first impression is that the hands of both parties to this action are too soiled to invoke either the equitable or statutory powers of our courts.   (See upon this subject, as to the equitable power of the court in matrimonial actions, article entitled, " Matrimonial Actions as Equity Suits," in 9 Columbia Law Review, pp. 321-329, 1909.)   But upon mature consideration I arrive at the conclusion that the " clean hands " rule cannot be successfully invoked in the case under consideration. This rule applies to the case of a voidable marriage, but the rule cannot be successfully invoked to make a void marriage valid.

The marriage of the parties to this action, the defendant having a husband living, was void, and no decree of good faith on the part of one or both of the parties could make such a marriage valid. No citations upon this proposition would seem necessary, but I refer to *McCullen* v. *McCullen* (162 App. Div. 599) and Domestic Relations Law (§ 6).

While no formal decree of nullity is strictly necessary (*Pettit* v.

*Pettit*, 105 App. Div. 312, 313), the plaintiff herein is given the right to obtain a decree annulling a void marriage. (Civ. Prac. Act, § 1132.) The wisdom for such a provision is apparent, for the facts upon which the rights of the parties depend are transitory while the possible effects of the apparent matrimonial statutes are continuous and important, possibly involving the legitimacy of after-born children.

The plaintiff may prepare appropriate findings.