PETER PANDELIDES, Plaintiff, *v.* THEODOULA PANDELIDES, Defendant.

Supreme Court, Special Term for Trials, Bronx County, January 25, 1944.

*Nathan Weidenbaum* and *Hyman Weidenbaum* for plaintiff.

*George Green* for defendant.

McGEEHAN, J.   In this litigation the plaintiff seeks a decree of annulment of marriage which the plaintiff alleges took place on January 4, 1922, in the city and State of New York.   The parties to this litigation have lived together for many years as husband and wife and have three grown children as a result. At this time the plaintiff attacks the validity of the alleged divorce that was secured in 1921 in the island of Cyprus where the defendant had married her first husband.   The decree of divorce was obtained at a time when the plaintiff, the defendant and her first husband were all domiciled in the United States and all three participated and joined in obtaining said decree. As a valid decree of divorce in the State of New York there is little that can be said for said decree. However, the courts of New York have considered other factors in disposing of matrimonial problems.   While neither the defendant nor her first husband can question the validity of the decree of divorce obtained by

them, the question remains as to whether the plaintiff in this action is under the same disability.

Before disposing· of this litigation it becomes necessary to ascertain from the facts adduced whether the ruling in the case of *Lefferts* v. *Lefferts* (263 N. Y. 131) is determinative of the issue raised. In that case the court found in favor of the second husband. However, the opinion of the court indicates that the second husband merely advised the wife about getting a divorce in Reno. The evidence in the present litigation establishes the fact that the plaintiff went much further than merely advising the defendant about getting a divorce from her first husband. It is clear that he actually engineered and arranged for the specific procedure that the defendant go through on the island of Cyprus although the plaintiff, the defendant and the defendant's .first husband were all domiciled in the United States. The fact that such procedure might be a legal nullity as a divorce in the State of New York could not be asserted by the actual parties to the divorce because of their participation therein. Certainly the plaintiff herein aided .and abetted in acting in concert with the wife and her first husband in securing this so-called divorce, and whether he should be estopped from denying the validity of said divorce is the question for judicial determination. Certainly if the wife is estopped to deny the validity of the divorce secured in the island of Cyprus, the plaintiff herein should not be put in a position where he can avoid the consequences of his own connivance. There is certainly a difference, if only in degree, where one merely goes so far as to advise a divorce, and thereafter marries the person so advised, and one who actually aids, abets and actively participates in the procurement of a decree of such divorce so that he can marry the wife affected by said decree. Under such circumstances it appears logical for a court of equity to find that his acting in concert in the matter of obtaining said decree, estops him from subsequently asserting the invalidity of said decree after he has married the wife. To confer on him an immunity from his own connivance under the attending circumstances is to excuse him from doing equity and then granting him equitable relief..

The enlightened reasoning of the learned Justices of the Appellate Division of the second department enunciated in the case of *Heller* v. *Heller* (259 App. Div. 852), indicates the course along which equity should proceed in this instance. The continued relationship for many years after the acquisition of the so-called divorce in Cyprus and the birth of three children who are grown today, certainly necessitates more than a cursory

legal research upon every phase of this litigation before rendering a final decision in a matter of such vital importance. The Court of Appeals has never passed specifically upon this point of law and in the absence of such a ruling this court finds in favor of the defendant and dismisses the complaint. (See *Heller* v. *Heller,* 285 N. Y. 572, affg. 259 App. Div. 852). Submit findings of fact including one that the decree obtained in 1921 in the island of Cyprus is not one that is entitled to full faith and credit, but may be recognized under the general principles of comity existing between New York State as part of the United States, and the island of Cyprus, and among the conclusions of law (1) that the plaintiff acted in concert with the defendant in the obtaining of the divorce; (2) that he is not entitled to equitable relief herein; and (3) that he is estopped from attacking the marriage relationship entered into with the defendant and that the defendant is entitled to judgment dismissing the complaint on the merits.

The defendant's counterclaim for a separation is dismissed. This dismissal is without prejudice to the outstanding order of the Domestic Relations Court, nor is it in any way to be construed as affecting that court's jurisdiction to proceed.