Earle S. Warner, J.
This is an action brought by the husband against the wife for the annulment of a ceremonial marriage of the parties.
The plaintiff alleges in his complaint that the plaintiff and the defendant were married at Syracuse, New York, on August 19, 1937; that prior thereto and on June 6, 1921 the defendant was married in New York City to one Irving H. Stark; that a final judgment divorcing the defendant from the said Irving H. Stark and forbidding the defendant from remarrying during the said Stark’s lifetime was duly made and entered by the Supreme Court of New York State in and for the County of New York on June 14, 1922; that the said judgment has never been modified and still remains in full force and effect and that the said Irving H. Stark was still living at the time of plaintiff’s and defendant’s marriage on August 19, 1937; that there is no issue of said marriage between plaintiff and defendant; that plaintiff and defendant have lived separate and apart since April 9, 1946; that defendant continues to hold'herself out as plaintiff’s wife; and plaintiff prays that said marriage between him and the defendant be declared void.
The defendant, by the admissions in her answer, concedes a showing of truth in the allegations of the complaint, but sets up in her answer an affirmative defense of new matter by reason whereof she claims that the plaintiff is now estopped from questioning the legality of his marriage to her. For her affirmative defense she alleges as follows:
‘ That on or about the 29th day of December, 1936, defendant secured a decree of divorce from Bert Cordon, otherwise known as Barney Gordisky, on the grounds of adultery. That plaintiff herein acted as defendant’s attorney therein. That plaintiff then and there represented to the defendant she was free to marry again in this State and that she had a legal right to marry.”
“ That the plaintiff herein entered into matrimony with the defendant, with full knowledge of and acquiescence in the facts concerning her first marriage and the divorce granted therein.
*868 ‘ ‘ That the defendant herein acted in good faith and in full reliance upon the said representations, assurances and advice of plaintiff who was then acting as defendant’s attorney.
“ That the plaintiff is now estopped from questioning the legality of his marriage to this defendant.”
The plaintiff moves for an order striking out the affirmative defense of estoppel contained in the defendant’s said answer, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, on the ground that said defense is insufficient in law. It is to the determination of this motion at Special Term that the court now directs its attention.
The plaintiff urges that the ceremonial marriage of 1937, between plaintiff and the defendant, was void ab initio under the provisions of section 6 of the Domestic Relations Law, without the necessity of a decree of annulment. He cites many cases in support of his contention, but apparently not convinced of the affirmative force and effect of these cited decisions, as applied to the facts and circumstances of his own marital status, growing out of his marriage to the defendant in 1937, he now seeks in this court a judicial decree declaring said marriage void. In this connection it may be noted that the plaintiff pending this instant action, has again married, without awaiting a determination by the court of his status. It may well be that this marriage, during the pendency of the instant action, constitutes an affront to the court which ought to be considered and weighed in this controversy but this court makes no determination with respect thereto.
Plaintiff,.in support of his motion to strike out the affirmative defense of estoppel contained in the defendant’s answer, urges that equitable considerations cannot operate as a defense to an action to annul a void marriage. He cites, among others, the cases of Tiedemann v. Tiedemann (94 Misc. 449); Brown v. Brown (153 App. Div. 645); Berry v. Berry (130 App. Div. 53) as authority in support of his position. An examination of these cases discloses rather the contrary. In Tiedemann v. Tiedemann (supra, p. 451) Judge Crane, in considering the question as to whether or not there are certain equitable considerations which will permit a court granting relief in an action for the annulment of a void marriage, after reviewing certain cases, said: “ I take it, therefore, that equities may exist but must be extraordinary or of such a degree as to move the court to do an unusual thing.”
He commented upon the case of Stokes v. Stokes (198 N. Y. 301, 306) in which the findings made out' a void marriage but *869 where there was, ‘ no plea that the plaintiff was not in an equitable position to maintain the action,” as stated in the opinion, and where in the concluding sentence of the opinion the question of equities was touched upon as follows (p. 312):
‘ While it may well be that there are extreme cases where the position of the party seeking relief of the kind sought here is so inequitable that a court of equity will refuse to interfere, no such defense was pleaded or sufficiently proved in the case before us.”
Apparently the court desired to make it clear that by its decision in that case it did not intend to leave it open to inference that equitable considerations were never to operate as a defense to an action to annul a void marriage. In Brown v. Brown (supra) no answer was put in, and hence no equitable defense was pleaded. The case may not properly be cited as an authority in support of a contention that equitable defenses cannot operate in an action to annul a void marriage. In Berry v. Berry (supra) the evidence established that the marriage of the plaintiff to the defendant was void. The court in its decision said (p. 56):
‘ ‘ The question here presented is whether the conclusions of law are supported by the findings of fact, whether the husband who contracted a void marriage in bad faith can maintain an action to relieve himself of the consequences of said marriage by a judgment of the court annuling the same ”.
" Does the court in actions to annul a marriage sit as a court of equity, and is the equitable maxim that a plaintiff must come into court with clean hands to be applied? ” (p. 57).
‘ ‘ The Supreme Court is vested with the powers of the Court of Chancery. I take it, therefore, that the doctrine is still true that while its entire jurisdiction in matrimonial causes is conferred and regulated by statute, yet in the exercise of that jurisdiction, unless controlled by positive enactment, it proceeds as a court of equity. Indeed, the very provisions in the sections of the Code of Civil Procedure relating to divorce and separation, permitting counterclaims and denying relief to a guilty plaintiff, no matter how guilty the defendant may prove to have been, is statutory proof of the existence in that court in such actions of the maxim, ‘ the plaintiff must come into court with clean hands.’ Actions to annul contracts for that which existed prior to or at the making thereof are equitable; and, as pointed out in the Griffin case [47 N. Y. 134], such actions to annul the marriage contract for certain causes were enter *870 tained in the Court of Chancery prior to the enactment of the statute and independent thereof.
‘ ‘ It seems to me, therefore, that the court in actions to annul a marriage under the provisions of the Code of Civil Procedure, derived from the statutes theretofore existing, acts as a court of equity. If this were an ordinary contract which the plaintiff was seeking to have annulled in a court of equity, it cannot be doubted but that upon such evidence and findings of fact as appear in this case, he would be peremptorily dismissed as endeavoring to take advantage of his own wrong, as not coming into court with clean hands, and as attempting a fraud upon the court.” (pp. 59-60).
On appeal in that case the judgment of dismissal of the lower court was affirmed.
The plaintiff in further support of said motion relies particularly upon the following cases, to wit: Beaudoin v. Beaudoin (270 App. Div. 631, 633); Pickett v. Pickett (Bebgan, J., Special Term, June, 1944); Brunel v. Brunel (64 N. Y. S. 2d 295). The reports of these cases disclose that no fraud and deceit was practiced in any of them. In the instant case fraud and deceit is implicit in the representations made by the plaintiff to the defendant in his capacity as attorney for the defendant in relation to her right to marry again in this State and in the conduct of the plaintiff in entering into matrimony with the defendant, with full knowledge of an acquiescence in the facts concerning defendant’s first marriage and the divorce granted therein, as alleged in the affirmative defense set up by the defendant in her answer herein. In Beaudoin v. Beaudoin (supra) and Brunel v. Brunel (supra) the principle laid down in Krause v. Krause (282 N. Y. 355) is recognized but distinguished.
It is urged by the plaintiff that a fair statement of the New York rule is that there is no estoppel against asserting a marriage is void, and the following cases among others are cited by the plaintiff as authority to that effect, to wit: Ashdown v. Ashdown (178 N. Y. S. 565); Spyros v. Spyros (142 Misc. 802); People v. Kay (141 Misc. 574); Schein v. Schein (169 Misc. 608); Earle v. Earle (141 App. Div. 611).
The court concludes, after examining many cases bearing on the subject of estoppel in relation to void marriages, that Krause v. Krause (supra) is the leading case in this State on that subject. That was an action for separation brought by the wife in which she sought support. The husband sought to avoid liability to the plaintiff wife, by alleging the invalidity of a Nevada divorce which he obtained from his first wife. With *871 reference to that Finch, J., writing the decision of the court, said (pp. 356-357): “ The facts presented by the defense are as follows: Defendant and his first wife, domiciled in this State, were married here in 1905. There are two children by that marriage. In 1932 the present defendant, while retaining his residence in this State, made a visit to Reno, Nev. where he invoked the jurisdiction of the courts of that State and obtained a decree of divorce from his first wife, who neither entered an appearance nor was personally served in that action, and who at all times has remained a resident of this State. (Cf. Glaser v. Glaser, 276 N. Y. 296.) Consequently this divorce against the first wife is not recognized by the courts of this State. (Winston v. Winston, 165 N. Y. 553; Hubbard v. Hubbard, 228 N. Y. 81; Lefferts v. Lefferts, 263 N. Y. 131.) The subsequent marriage between plaintiff and defendant, therefore, was void for the incapacity of defendant to marry. But none the less plaintiff and defendant participated in a complete marriage ceremony and did live together as man and wife for six years pursuant thereto, after which time defendant abandoned plaintiff, who now brings this action. Defendant entered the defense already noted, viz., that he lacked capacity to marry plaintiff because the court, which upon his petition purported to accord him a divorce from his first wife, lacked jurisdiction to act in the premises. Upon motion of plaintiff Special Term struck out the defense as insufficient in law and cited Starbuck v. Starbuck (173 N. Y. 503) in support of its decision. The Appellate Division affirmed by a divided court, the majority citing Brown v. Brown (242 App. Div. 33, affd. 266 N. Y. 532) and the minority citing Stevens v. Stevens (273 N. Y. 157). Defendant appeals upon the following question, certified by the Appellate Division to this court: ‘ Is the second, separate and distinct defense in the amended answer, sufficient in law on the face thereof? ’ ”
The court in its opinion further said (pp. 359-361): “We cannot lose sight of the fact that the present defendant was himself the party who had obtained the decree of divorce which he now asserts to be invalid and repudiates in order that he may now disown any legal obligations to support the plaintiff, whom he purported to marry. To refuse to permit this defendant to escape his obligation to support plaintiff does not mean that the courts of this State recognize as valid a judgment of divorce which necessarily is assumed to be invalid in the case at bar, but only that it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily *872 incurred. * * * It follows, therefore, that the order appealed from should be affirmed, with costs, and the question certified answered in the negative.”
It appears, therefore, that, in Krause v. Krause (supra) the principle of estoppel was recognized and applied by the Court of Appeals in the case of a void marriage, and that, too, where there were no allegations of fraud and deceit practiced on the part of the party seeking to avoid the obligation of his marriage status. In the instant case fraud and deceit, on the part of the plaintiff who questions the legality of his marriage to the defendant, are implicit in the allegations set forth in the defense, consisting of new matter, in the defendant’s answer, to which no reply was filed.
In the case of Lodati v. Lodati (49 N. Y. S. 2d 805, 808, affd. 268 App. Div. 1003) the decision is rested on the maxim that, “he who comes into equity must come with clean hands.” This case was tried before Justice Daly, who in his Trial Term opinion found as follows (p. 806): “According to the plaintiff’s complaint, he married the defendant in good faith and without knowledge that at that time her marriage to her first-husband was still in force. The answer denies this and affirmatively sets up the defense that the plaintiff at all times possessed full and complete knowledge of her divorce from her first husband; that he had introduced the defendant to and provided an attorney to represent her in said action for divorce to its final conclusion; that he financed the action and on September 9, 1940, informed and advised the defendant that both the interlocutory and final judgments had been entered in her favor and that she was free to contract a legal and binding marriage with him.”
The court thereafter hearing the testimony of the parties to the action directed judgment in favor of the defendant, dismissing the plaintiff’s complaint on the merits. This judgment was unanimously affirmed by the Appellate Division, Second Department, citing Kaufman v. Kaufman (177 App. Div. 162); Krause v. Krause (supra) and Heller v. Heller (259 App. Div. 852, affd. 285 N. Y. 572) without deciding whether the plaintiff therein is estopped from prosecuting the action for annulment. In the case of Kaufman v. Kaufman (supra) after trial the court in its decision (pp. 164-165) said: “ the plaintiff, on the facts here disclosed, should not be heard to invoke the doctrine of State policy to which reference has been made, which was adopted for the benefit and protection of defendants in the divorce actions and not for one occupying the position of this *873 plaintiff, who in seeking to take advantage thereof attempts to use the court to enable him to perpetrate an outrage against society as well as an injustice on the defendant, who in marrying him acted in entire good faith and in the belief, induced by him, that the marriage would be valid.”
To much the same effect the equitable principle of estoppel is approved and applied in Pandelides v. Pandelides (182 Misc. 819) and Brown v. Brown (266 N. Y. 532).
In the instant case the plaintiff’s complaint contains no allegation that he married the defendant in good faith and without knowledge, at that time, that the defendant had a husband, Irving Stark, living, from whom she had been divorced with a prohibition against her remarrying during the lifetime of the said Stark and that said judgment of divorce had never been modified and was then in full force and effect.
In the light of the affirmative defense of new matter alleged in the defendant’s answer, to which the plaintiff filed no reply, the court is unable to escape the conclusion that the omission from the complaint, of such allegations as aforesaid, and the failure to reply to said affirmative defenses, is significant and may very properly be considered, inferentially, in the determination of the instant motion for an order striking out the affirmative defense of estoppel contained in the defendant’s answer.
It is not every party plantiff who is entitled to a decree declaring a marriage void, although it was void in law. Almost invariably where such decrees have been granted it is to be noted that either no equitable defenses have been pleaded or that the one, so pleading them, has been found, after trial, to be tainted with inequity.
On a motion under subdivision 6 of rule 109 of the Buies of Civil Practice, the truth of the facts alleged is admitted and accepted. (American Bosch Magneto Corp. v. Bosch Magneto Co., 127 Misc. 119; Sullivan v. Curtayne, 247 App. Div. 756.)
The facts alleged in the affirmative answer herein, if true, are such as to shock the conscience of a court of equity. If such facts are established on the trial, then the court in the exercise of its discretion may prevent the plaintiff from releasing himself from the obligation to support the defendant wife even though the marriage was void in the first instance. (Civ. Prac. Act, § 1140-a; Johnson v. Johnson, 295 N. Y. 477.) Moreover the fact that the acts and conduct of an officer of this court, acting in his official capacity as attorney for the defendant, are involved in the issues of the instant case, suggests that nothing less will properly serve the ends of justice here than that both the defendant and the plaintiff be afforded full and complete *874 opportunity to present proof on this important issue. (Adams v. Gillig, 199 N. Y. 314.)
In the opinion of the court the said affirmative defense of estoppel is not insufficient in law, and the defendant, under the most unusual circumstances of the instant case as evidenced by the allegations of new matter set forth as a distinct defense to the complaint, is not properly to be denied her affirmative defense of estoppel.
Motion denied.
Submit order.