Bernard S. Meter, J.
In this action plaintiff husband seeks an annulment. The complaint alleges that defendant wife was divorced from her first husband in Alabama on July 15, 1955 by a decree of divorce which prohibited her from marrying any person other than her former husband for a period of 60 days from the date of the decree, and that plaintiff and defendant were married in Roslyn, New York, on July 30,1955. The action is, thus, predicated on the validity rather than any claimed invalidity, of the Alabama decree.
At the opening of the trial, defendant’s attorney moved for judgment on the ground that the complaint was insufficient as a matter of law. At the conclusion of plaintiff’s ease and of the whole case, he moved to dismiss both because of the insufficiency of the complaint and of plaintiff’s failure to make out a prima facie case. Judgment is awarded defendant, dismissing the complaint as insufficient.
Section 130 of the Restatement, Conflict of Laws reads as follows: “ If, by a decree of divorce validly granted in one state, one party is forbidden for a certain time or during his life to marry again, and he goes into another state and marries in accordance with the law of that state, the marriage, unless invalid for other reasons, is valid everywhere, even in the state in which the divorce was granted.” Section 130 of Tentative Draft No, 4 of the Restatement of the Law, Second, Conflict of Laws (1957) reiterates the same rule though the reporter notes that the rule “ has been reworded for reasons of literary taste.” New York law clearly accords with the Restatement with respect to a defendant divorced in New York who contracts a marriage outside New York for the purpose of avoiding the prohibition of section 8 of the Domestic Relations Law. (Van Voorhis v. Brintnall, 86 N. Y. 18; Thorp v. Thorp, 90 N. Y. 602.)
No case dealing with the validity of a New York marriage contracted during the period proscribed by a foreign divorce *556 decree has been cited. Mr. Justice Mabtuscello, in the absence of proof of Virginia law, dealt, in Marzano v. Marzano (154 N. Y. S. 2d 507), with the validity of a Virginia marriage contracted in violation of Alabama’s 60-day proscription, as though the problem was governed by New York law, and the Appellate Divisions of the First and Second Departments have, in Matter of Peart (277 App. Div. 61) and Goodwin v. Goodwin (158 App. Div. 171), decided problems analogous to that of the instant case. All sustained the validity of the second marriage once the conclusion was reached that the foreign decree was final and not interlocutory.
Matter of Peart (supra) upheld a Maryland marriage performed during the four-month period of prohibition incorporated in a Virginia divorce decree pursuant to a statute prohibiting both parties to the divorce from remarrying. The court emphasized the penal nature of the prohibition and the strong policy in favor of validity of marriage. Goodwin (supra), while distinguishable because the court held also that plaintiff was estopped by an earlier separation action, sustained a second marriage contracted in Illinois in violation of the prohibition of a Colorado statute, defendant having been divorced by decree of the State of Colorado. Marzano (supra) held that in New York the determining factor was whether the foreign decree was interlocutory or final, and after carefully analyzing the Alabama cases, concluded that the Alabama decree was final, and the Virginia marriage valid notwithstanding the prohibition. With respect to the finality of the Alabama decree, see, also, Schurink v. United States (177 F. 2d 809).
To the reasoning of the above cases need only be added: (1) the full faith and credit clause does not require the enforcement of a penal statute or of a foreign judgment entered under the provisions of such a statute (Huntington v. Attrill, 146 U. S. 657; Broderick v. Rosner, 294 U. S. 629); (2) the test of the penal character of a statute is ‘1 whether it appears to the tribunal which is called upon to enforce it to be, in its essential character and effect, a punishment of an offence against the public, or a grant of a civil right to a private person ” (Huntington v. Attrill, supra, p. 683); (3) the 60-day provision of the Alabama decree was included therein pursuant to the Code of Alabama ([1958], tit. 34, § 38) under which “ the court shall decree that neither party shall again marry * * * until sixty days after decree rendered”; (4) a statute prohibiting remarriage by both the innocent and the guilty party is not generally considered penal in character (Wilson v. Cook, 256 Ill. 460; Lanham v. Lanham, 136 Wis. 360; cf. Matter of Peart, *557 supra) but (5) section 23 of the same title of the Code of Alabama commits it to the discretion of the Trial Judge “ upon petition and proper proof, to allow the petitioner to marry again, as justice may seem to require ” thus limiting the effect of section 38 and making clear that “in essential character and effect ” the Alabama decretal provision is penal (see Harwood, Remarriage, 1 Alabama Lawyer 355, 359, 361 [1940]).
It follows that the rule of the Restatement applies to the instant case, and that the marriage of plaintiff and defendant in New York was valid notwithstanding the prohibition of the Alabama statute and decree.
The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act, and all motions on which decision was reserved are decided accordingly. The Clerk is directed to enter judgment dismissing the complaint, with costs. Submit judgment.