James S. Brown, Jr., J.
Defendant moves pursuant to rule 106 of the Buies of Civil Practice to dismiss each cause of action set forth in the complaint for legal insufficiency. Plaintiff cross-moves pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice to strike the defendant’s three affirmative defenses.
The action is in equity and seeks (1) to reform a written lease so as to express the true agreement of the parties and (2) to enjoin defendant “ from instituting any action or proceeding against plaintiff, based upon or in any way relating to the installation and maintenance of said vent or any part thereof as now installed, and from in any way interfering with plaintiff’s use thereof. ’ ’
The challenged complaint consists of two causes of action. The first alleges, inter alia, that defendant owned a two-story structure of three stores on the street level and an office and one apartment directly above; that the entire building was vacant as the result of fire damage; that plaintiff negotiated with defendant for the leasing only of the three stores which were to be converted by plaintiff into one store for the conduct and operation of a self-service laundromat; that plaintiff informed *250 defendant that in the operation of the subject business 10 dryers would have to be installed which required the installation of a vent from the store, “ through part of the first floor stairway landing, to the roof of the premises, for the purpose of permitting vapors from the dryers to be expelled into outer space ”; that the vent installation would be permitted but defendant landlord requested its location be changed so that the vent would run through one of the rooms of the apartment above the store, to which change plaintiff alleges he did not object, and plaintiff further agreed to increase his rent to compensate for the loss of apartment income; and that reference thereto would be incorporated in the written lease the defendant was to prepare. Thereafter the 10-year lease dated September 24, 1959 was submitted to plaintiff for execution and upon examination the latter found the lease not to accord with their agreement, since authorization for the vent installation was omitted therefrom and therefore plaintiff refused to sign same. It is further alleged that defendant’s reason for excluding any provision for the installation of the vent was that since the occupant of the apartment (prior to the fire) was a statutory tenant having a right to resume possession of the apartment upon completion of the necessary repairs thereat without diminution of the apartment space, the landlord could not make a written commitment with respect to the installation, albeit orally agreeing and consenting to the installation and stating she would never question plaintiff’s right to such installation even though the lease made no reference thereto; that by reason of said representation and his reliance thereon, plaintiff alleges he was induced to execute the lease devoid of the subject provision, and thereafter expended substantial capital for conversion of the premises, and installation of machinery, fixtures and equipment; that defendant practised a fraud and deception upon plaintiff and as a result the written lease does not contain the real agreement of the parties.
The second cause of action repeats and substantially realleges the allegations of the first cause of action, and further alleges that the omission from the lease of the authorization to the plaintiff to install the vent was due to a mutual mistake of the parties or the mistake of the plaintiff and the fraud of the defendant.
As to defendant’s motion pursuant to rulé 106 (supra) the merits of the action are not before the court and the facts alleged and the inferences that may be fairly drawn are deemed admitted (St. Regis Tribe of Indians v. State of New York, 5 N Y 2d 24, 36; Schwartz v. Heffernan, 304 N. Y. 474, 482).
*251 Upon examining the complaint to see whether it sufficiently pleads a cause of action, it is noted, inter alia, that it is alleged the parties agreed that plaintiff was to pay defendant an increase in the agreed store rental to compensate the landlord for the loss of rental income from the apartment resulting from the reduction in livable space therein, due to the vent installation. It is not the court’s present concern whether plaintiff will be able to prove his allegation. The assumption on a motion of this character is that such allegations are true (Locke v. Pembroke, 280 N. Y. 430) and the pleading must be accorded every intendment and fair inference (Dyer v. Broadway Cent. Bank, 252 N. Y. 430) and the questions raised may not be decided on the pleadings alone (Cadwell v. Robin, 278 App. Div. 586). This motion is, accordingly, denied.
As to plaintiff’s cross motion under subdivision 6 of rule 109 the truth of the facts must, for the purpose of this motion, be liberally construed and assumed to be true (Burns v. Lopes, 256 N. Y. 123; Krantz v. Garmise, 13 A D 2d 426; Bonney v. Bonney, 13 Misc 2d 866). I find the defenses are sufficient in law upon their face and issues of fact are present. Plaintiff’s motion is, accordingly, denied.