Louis B. Heller, J.
In this separation action, defendant husband moves for an order dismissing the complaint and granting him summary judgment. Defendant challenges the validity of his marriage to his wife, plaintiff herein, on the ground that they were married within a 60-day prohibition period contained in her Alabama decree and on the further ground that plaintiff was not a bona fide resident of Alabama at the time she instituted her action for divorce against her former husband, as required by Alabama law.
Plaintiff cross-moves for an order striking the amended answer and dismissing defendant’s counterclaim therein contained.
The uncontradicted facts as revealed from the papers submitted are: Plaintiff obtained a divorce from her prior husband, Ernest Brunka, in Winston County, Alabama, on July 19, 1960. The decree prohibited the parties thereto to contract another marriage for a period of 60 days. Plaintiff and defendant were married in New York on August 12, 1960 within the prohibition period.
The jurisdictional attack upon the decree by the husband is set forth in the amended answer submitted by defendant’s new attorneys. Plaintiff refused to accept the amended answer on the ground that it is not timely and therefore could only be amended by order of the court.
Under the circumstances here shown, the court will, in the exercise of its discretion, permit the amended answer to stand. No showing has been made by plaintiff indicating that the amendment will in any way prejudice her rights or cause her *1099 any inconvenience. Moreover, the matter pleaded in the amended answer goes to the heart of the action and serves a saintary purpose of permitting adjudication of the entire controversy in one action, thereby avoiding a multiplicity of suits.
With respect to the other issues raised herein, I do not agree with defendant’s contention that the marriage within the period of prohibition contained in the decree of divorce voids the marriage of the parties. It has been held that such marriages are valid, notwithstanding the prohibition of the Alabama statute and decree (see Olsen v. Olsen, 27 Misc 2d 555). The essential character of the prohibitive provision has been construed to be of no extraterritorial effect and penal in nature and accordingly of no force and effect here (Fisher v. Fisher, 250 N. Y. 313; Beaudoin v. Beaudoin, 270 App. Div. 631). Remarriages during the period of prohibition have also been upheld on other grounds (see Matter of Peart, 277 App. Div. 61; Marzano v. Marzano, 154 N. Y. S. 2d 507). The statutory provision, however, found in section 8 of the New York Domestic Relations Law applied only to divorces formerly granted in this State, and accordingly, is not controlling under the circumstances herein. The underlying reason for the enactment of that section is that a person found guilty of adultery was considered unfit to again assume obligations which he had once disregarded (see Cropsey v. Ogden, 11 N. Y. 228). However, that section has been recently amended, effective September 1, 1967, to provide that ‘ Whenever a marriage has been dissolved by divorce, either party may marry again. ”
With respect to the validity of the divorce decree herein, this court in a recent case, Iatauro v. Iatauro (55 Misc 2d 360), where the precise issue .raised herein was there discussed, held that Alabama decrees are now subject to collateral attack in this jurisdiction. However, the court was careful to point out that it would not permit a ‘1 carte blanche ’ ’ attack on the decrees in question but that the court would examine, consider, and weigh various equitable factors in order to avoid any serious prejudice that might accrue if the decree were to be .set aside. Thus, the court must be in a position to know why defendant has delayed in attacking the decree. The parties should also be prepared to explain if there has been any financial benefit to the attacking party which would estop him from voiding the decree. Moreover, it is important for the court to know if there has been a change in the position of the parties or that there are other equitable.considerations which would estop the defendant from setting aside the decree. The record before me is lacking in *1100 many of these facts, which forecloses the court from reaching a final determination on the merits at this time.
Accordingly, defendant’s motion is denied without prejudice, with leave to renew the motion upon proper papers if he be so advised. It is also suggested that plaintiff submit additional proof imaccordance with the opinion herein, if she be so advised.
Plaintiff’s motion to strike the amended answer is denied.