Louis B. Heller, J.
Pursuant to the previous decision herein (Merino v. Merino, 55 Misc 2d 1098), defendant renews his motion to dismiss plaintiff’s action for separation and that an order be entered directing summary judgment in his favor annulling the marriage between the parties. In the prior matter the court held that plaintiff’s Alabama decree is vul *855 nerable to attack on jurisdictional grounds, subject, however, to various equitable considerations (see Merino v. Merino, supra; Iatauro v. Iatauro, 55 Misc 2d 360).
The papers submitted clearly show that neither plaintiff nor her former spouse was a resident of Alabama at the time in question for the required one-year period and therefore the decree is jurisdictionally defective.
On this motion, plaintiff seeks to estop defendant from attacking her Alabama decree, on the principal ground that not only did defendant accompany plaintiff to Alabama, but openly aided, abetted and induced her to obtain the divorce.
Defendant, on the other hand, contends that he has not received any financial benefit as a result of the divorce, that there has not been such a change of position of the parties which would bar him from contesting the decree.
Thus the court has before it a plaintiff whose divorce decree is purportedly invalid, and a defendant who seeks to avoid responsibility for his marriage to plaintiff following a defective decree which he induced and encouraged.
The principal issue presented here is whether defendant’s conduct serves to bar him from asserting the invalidity of plaintiff’s divorce. An examination of the relevant law establishes an uncertainty and anomaly in the application of the so-called “ doctrine of estoppel ” in cases involving matrimonial disputes. It is fundamental that the existence of a valid marriage is prerequisite to the right to maintain an action for divorce or separation (Statter v. Statter, 2 N Y 2d 668, 672; Garvin v. Garvin, 306 N. Y. 118). Ordinarily in such an action a defendant may assert, by way of an affirmative defense, plaintiff’s incapacity to enter into a valid marriage as a result of a jurisdictional defect if the plaintiff obtained an out-of-State divorce from a former spouse (Fischer v. Fischer, 254 N. Y. 463), unless estopped by some equitable principle. The foundation upon which the doctrine of estoppel as an expression of State policy rests, prescribes certain conditions (see Iatauro v. Iatauro, 55 Misc 2d 360) which, if present, would prevent such defendant from asserting his collateral attack on the decree of a sister court. Whether one who aided and abetted his spouse in obtaining such a divorce is legally estopped from attacking it, is mired in confusing legal precedent. An examination of the relevant cases in New York reveals markedly conflicting results in similar cases (see Krause v. Krause, 282 N. Y. 355; Pandelides v. Pandelides, 182 Misc. 819; Caldwell v. Caldwell, 298 N. Y. 146; Landsman v. Landsman, 302 N. Y. 45.) Our courts have indulged in various characterizations to *856 explain the distinctions in their holdings. Thus, if the action is ‘ ‘ matrimonial ’ ’, estoppel is said to he inappropriate, and the State’s interest in regulating marriage directs that divorce without jurisdiction be held void. On the other hand, if the action is merely a ‘1 private ’ ’ dispute over property, even though it may turn upon marital status, estoppel can apply. Clearly this is a difference without distinction, which has succeeded in creating an edifice of inconsistency and confusion. However, a careful scrutiny of the cases strongly suggests that the underlying rationale of the cases is a strict adherence by our courts to the traditional 19th Century attitude toward divorce which was reflected in former section 1147 of the Civil Practice Act where adultery was the only recognized ground for divorce. The apparent reason for the court’s reluctance to apply the doctrine of estoppel was that divorce was viewed as a remedy provided exclusively for an innocent person whose spouse has been guilty of a serious marital wrong (adultery). Divorce was looked upon as evil, to be tolerated only in circumstances which strictly met the statutory standard as to the grounds and the court’s authority to act. Accordingly, the courts did not look with favor to those parties who obtained foreign divorces, and when the opportunity arose the court was reluctant to exercise its discretion in estopping an attack on these foreign decrees. However, there has been a significant shift in New York’s attitude on divorce, as seen in the new statutory grounds for divorce set forth in new section 210 of the Domestic Relations Law (abandonment, separation for a period of two years, etc.). The new enactments seem to reflect the modern sociological view that divorce is a regrettable but necessary legal recognition of marital failure.
Thus, in furtherance of this new approach toward divorce, the court feels that there should also be a corresponding shift in our view toward estoppel. I feel that estoppel should be employed to cover a variety of equitable principles that are discretionary in application and whose efficacy depends upon all the facts and circumstances and the pragmatic consequence that would result from nonrecognition or recognition, directly or indirectly of the sister State’s divorce.
Applying the afore-mentioned principles, I am of the opinion that to permit defendant herein to assert the invalidity of the Alabama decree, particularly after eight years of marriage, would, in effect, allow him to occupy a position directly contrary to and inconsistent with his own' past conduct. In view of such conduct, and his participation in and knowledge of the *857 facts surrounding plaintiff’s divorce, I find it in the best interest of justice and of the particular parties here involved that defendant be estopped and barred from escaping his obligation to plaintiff. Accordingly, defendant’s motion is denied in all respects.