Frank X. Altimari, J.
The plaintiff wife brings this action for divorce. The defendant husband, after 21 years of marriage, asserts in the first affirmative defense, that the said marriage was and is a nullity.
On August 27, 1954, the plaintiff obtained a judgment of divorce from her former husband in the District Court of Shawnee County, State of Kansas. The decree provided in *61 relevant part: "it is therefore considered, ordered and decreed by the court that the plaintiff be and she is hereby granted a complete and absolute divorce of and from the defendant, the same not to become final however until the expiration of six (6) months from this date.”
On October 8, 1954 the plaintiff and defendant herein were "married” in the State of New York. The date of the "marriage” occurred prior to the expiration of the six-month restriction contained in the Kansas decree.
The defendant in his first affirmative defense, alleges that the New York "marriage” was invalid because of the violation of the six-month waiting period set forth in the Kansas divorce judgment. The plaintiff maintains that the Kansas six-month restriction has no extraterritorial effect and that the 1954 marriage to the defendant was valid.
Accordingly, the plaintiff has moved pursuant to CPLR 3211 (subd [a], par 6), 3211 (subd [b]), 3014 and 3016 to dismiss the above-described affirmative defense and for other relief addressed to other areas of the defendant’s answer.
For the reasons stated below this court is of the opinion that the plaintiff’s motion to dismiss the first affirmative defense must be and is granted.
The validity of the New York marriage is governed by New York law. In Marzano v Marzano (154 NYS 2d 507, 510), a well-reasoned decision, Justice Martuscello stated: "With respect to a prohibited marriage which takes place outside of the state granting the decree, as is the case here, the rule in this state, as well as in the majority of jurisdictions, is that a post-divorce restriction has no extra-territorial effect and does not invalidate a subsequent marriage in another state, if lawful where solemnized, provided a valid and final decree has been granted. Goodwin v. Goodwin, 80 Misc. 303, 141 N.Y.S. 175, affirmed 158 App. Div. 171, 142 N.Y.S. 1102; In re Peart’s Estate, 277 App. Div. 61, 97 N.Y.S. 2d 879; Notes, 32 A.L.R. 1116-1146.” (Emphasis added.)
Thus, under the rule which prevails in New York, the issue of law turns on the narrow question of whether plaintiff’s Kansas divorce was final or interlocutory at the time she and the defendant were "married”.
It is the opinion of this court that the Kansas decree granted an absolute divorce on the day it was entered. It severed the bonds of matrimony except that the parties were *62 required to refrain from entering into a new marriage. An examination of the available law of Kansas reveals no compelling authority to the contrary.
The divorce statutes of that State do not provide for an interlocutory decree. And the reported court decisions, which are persuasive here, and which interpret the relevant statutes, hold that the decree dissolved the marriage and the incidents thereto at the time of its rendition.
In Durland v Durland (67 Kan 734) the Supreme Court of Kansas, interpreted the predecessor of the Kansas divorce statute under which the plaintiff herein obtained her divorce.
The prior statute, section 8 of chapter 107 of the Kansas Laws of 1889 provided (Gen Stat, 1901, § 5142): "Sec. 8. Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time.” In Durland (supra) the Durlands obtained a judgment of divorce on June 22, 1901. The journal entry of the decree contained the required statutory language. On September 2, 1901 Mrs. Durland died intestate. Mr. Durland brought suit to establish his right to take his intestate share of Mrs. Durland’s estate.
The Kansas court denied Mr. Durland’s claim. The court, after analyzing the Kansas divorce statutes and their history, declared that the Kansas divorce decree was only incumbered with one restriction. That restriction was that it was unlawful for either party to marry during the six months after the rendition of the decree.
The Kansas court found two reasons for the statutory imposition of such restriction, i.e. permit an aggrieved party to appeal, and to protect against the fraud of the successful party. Thus, the Durland court, found that the statutory language of the decree was not an "affirmative declaration that the decree shall have no effect during the six months immediately following its rendition” (supra, p 742).
Wheelock v Freiwald (66 F2d 694) relying on the Durland case (supra), reached a similar conclusion. In Wheelock (supra) the court stated that the Kansas statute with reference to remarriage had no extraterritorial effect and a Missouri marriage within six months of the rendition of the Kansas decree, was valid.
The case of Westerman v Westerman (121 Kan 501), cited *63 by the defendant is inapplicable. There, the court deliberately failed to render an opinion on the subject of the validity of a marriage contracted in evasion of the laws of Kansas. In Westerman (supra), the wife had obtained a Kansas divorce. She then married in Missouri within the six-month period of prohibition and she and her new husband immediately returned to Kansas to live. Shortly thereafter, Mrs. Westerman sought an annulment with her new husband’s consent upon the ground that the Missouri marriage was invalid under the Kansas Law. The Kansas District Court granted the annulment.
In Westerman v Westerman (supra) the court held merely that the Kansas District Court had jurisdiction to grant the annulment even if the annulment decision was erroneous, and therefore Mrs. Westerman’s attempt to set aside the annulment decree was denied.
The Kansas Revised Statutes, section 60-1512 effective when the plaintiff herein obtained the divorce decree provided in relevant part: "It shall be unlawful for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement * * * and every person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage be absolutely void.” After reading the Kansas journal entry of the entire decree together with the above-quoted statute, this court concludes that the Kansas judgment was final and not interlocutory. The 1949 statute and the 1889 statute as interpreted in Durland v Durland (supra) express no material disparity. The effect of the provisions are the same.
Consequently, this court holds that the Kansas decree completely and finally dissolved the bonds of matrimony between the plaintiff herein and her first husband. (Marzano v Marzano, supra; Durland v Durland, supra; Merino v Merino, 55 Misc 2d 1098.) Therefore, the plaintiff’s Kansas divorce decree was final when rendered, and the parties herein consummated a valid marriage in New York in accordance with the law of this State. Thus, the plaintiff’s motion to dismiss the first affirmative defense is granted.
The defendant’s reliance upon Landsman v Landsman (302 NY 45) is misplaced. In the cited case, the court had before it a New York annulment decree and a New York marriage within six months from the date the decree was rendered. Thus, the Landsman decision merely is an enforcement of the *64 New York statute and no question of extra-territorial effect of such statute was involved.
The motion to dismiss the second affirmative defense is denied. The affirmative defense is properly pleaded.
The plaintiff’s motion to dismiss the third counterclaim is denied. The counterclaim seeks relief which is within the purview of section 234 of the Domestic Relations Law. (Gardner v Gardner, 49 AD2d 903.)